**SOUTHERN SURETY CO. v. CHAMBERS.**

No. 9201—Opinion Filed March 11, 1919.

Rehearing Denied May 13, 1919.

(180 Pac. 711.)

(Syllabus.)

1. **Pleading—Construction of Petition—Exhibits.**

The allegations of a petition must be construed in connection with the exhibits attached and referred to in the petition.

2. **Courts—County Courts—Probate Business—Jurisdiction.**

The county courts under the provisions of section 1823, Rev. Laws 1910, are always in session for the transaction of probate business, and that portion of this section of the statute providing for terms of the county courts has no application to the probate jurisdiction of the courts.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by R. E. Chambers, guardian of Bernice Stockton, a minor, against the Southern Surety Company. Judgment for plaintiff on the pleadings, and defendant brings error. Affirmed.

E. C. Stanard, J. H. Wahl, and C. H. Ennis, for plaintiff in error.

OWEN, J. This action was brought by the defendant in error to recover on a guardian's bond on which plaintiff in error was surety. Judgment was rendered on the pleadings. The petition alleges, in substance, that the principal of the bond was appointed guardian for the minor; that on August 28, 1913, his final report was approved, he was discharged as guardian, and his bond released; that on the 5th day of October, 1914, an order was entered vacating the order of August 28, 1913, and on the 14th day of December, 1914, an order was entered adjudging said guardian to be indebted to the minor in the sum of $1,697.89; and that the guardian had failed to pay said sum to the minor or to the defendant in error, her present guardian.

Counsel urge that the petition does not state a cause of action because it alleges the order of August 28th was set aside in so far as same attempted to approve the purported final report of the guardian, and does not contain the specific allegation that the order was set aside in so far as it undertook to release the bond. The language used in the petition is:

"Said court made and entered an order of vacation and set aside said order of the 28th of August, 1913, in so far as the same attempted to approve the purported final report of said Martin B. Eldridge filed in said court on the 23d day of August, 1913, a copy of which is attached marked 'Exhibit C.'"

The Exhibit C, referred to, is a copy of the order entered on October 5, 1914, and contains the following language:

"Ordered, adjudged, and decreed that the order of this court made and entered on the 28th day of August, 1913, wherein the final report of Martin B. Eldridge as guardian of Bernice Stockton is approved, be and the same is hereby annulled, vacated, and set aside, and the said Martin B. Eldridge is ordered to file in this court his final report herein on or before the 20th day of October, 1914."

It is not contended there was more than one order of this character made on August 28th. The approval of the final report of Eldridge and the release of the bond was but one order, and it clearly appears that the court intended to vacate the entire order. It will be noted that the court referred to it as the "order of this court made and entered on the 28th day of August, 1913, wherein the final report of Martin B. Eldridge as guardian of Bernice Stockton is approved, be and the same is hereby annulled, etc." The exhibit must be considered in connection with and as a part of the petition. Bowker v. Linton, 69 Okla. 280, 172 Pac. 442; So. Surety Co. v. Municipal Exc. Co., 61 Okla. 215, 160 Pac. 617, L. R. A. 1917B, 558; Davis v. Brd. of County Comr., 58 Okla. 77, 158 Pac. 294, L. R. A. 1916F, 873.

Counsel also urge that the county court had no jurisdiction to enter the order on October 5th vacating the former order for the reason it was entered after the expiration of the term at which the order was

made discharging the guardian and releasing the bond. Under the provisions of section 1823, Rev. Laws 1910, the county courts are always open and in session for the transaction of probate business. The provision of the statute providing for terms of the county courts has no application to probate matters. Twin St. Oil Co. v. Johnson, 72 Oklahoma, 179 Pac. 605; Morris v. Sweeney, 53 Okla. 163, 155 Pac. 537.

Finding no merit in the assignments of error urged, the judgment of the lower court is affirmed.

All the Justices concur.