## WRIGHT et al. v. STATE ex rel. WALCOTT.

No. 14774—Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 12, 1924.

**1. Pleading—Construction of Petition—Exhibits.**

The allegations of a petition must be construed in connection with the exhibits attached and referred to in the petition.

**2. Same—Admissions by Demurrer.**

A demurrer does not confess or admit a conclusion of law deducted by either party from the facts pleaded. Neither does it admit any construction placed by him on any instrument pleaded and set forth in the complaint.

**3. Contracts—Breach—Question of Law.**

Where a contract is admitted, its interpretation is a matter of law for the court to decide whether the facts which it is claimed breached the contract do as a matter of law constitute a breach.

**4. Pleading — Construction — General and Specific Averments.**

It is a general rule that specific averments in a pleading must be given precedence over general averments, inasmuch as the general allegations are to be deemed explained, limited, and controlled by the special allegation.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County: James Hepburn, Judge.

Action by the State of Oklahoma against R. Earle Wright and Wm. C. Newman. From judgment in favor of the plaintiff, defendants bring error. Affirmed.

E. T. Noble and S. L. O'Bannon, for plaintiffs in error.

Fred Hansen, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, as plaintiff, instituted this action in the trial court against plaintiffs in error, as defendants. The parties will be referred to as they appeared in the lower court.

Plaintiff alleges in its petition that on November 24, 1919, the Wilson Motor Co., of Okmulgee, Okla., a partnership composed of J. M. Wilson and T. A. Wilson, being then and there the owners of the exclusive agency of the G. M. C. truck for Okmulgee county, and also the owners of certain chattels and a certain lease described in plaintiff's petition, entered into a contract in writing with the defendants, R. Earle Wright and Wm. C. Newman, wherein they agreed to sell and did sell said agency and chattels and lease to said defendants for the sum of $13,000 to be paid in installments at the times and under the conditions set forth in said contract; a copy of which contract the plaintiff attached to its petition as an exhibit thereto.

It is further alleged that the said Wilson Motor Co., in compliance with the terms of said contract, did sell, assign, and set over said agency, chattels, and lease to said defendants, and same were taken over by said defendants, who have been in possession and ownership of same since said date: that the $5,000 cash payment mentioned in said contract, and the $2,000 payment mentioned in said contract to be paid January 1, 1921, under the conditions mentioned in said contract, have been paid by said defendants, but that the $4,000 payment to be made January 1, 1922, and the $2,000 to be paid July 1, 1922, under the terms of said contract, have not been paid, but are past due and unpaid; that the said defendants have secured the exclusive agency of said G. M. C. truck for Okmulgee county from the date of said contract up to December 31, 1922; that the said Wilson Motor Co., and the said copartners thereof have lived up to every condition set forth in said contract, and

have not violated the same in any particular, and that all conditions and provisions except unpaid payments have been complied with; that the said Wilson Motor Co., on April 8, 1920, for value assigned, transferred, and set over all their rights, title and interest in said contract to the Guaranty State Bank, of Okmulgee, and that on January 3, 1921, said contract was sold for value by said Guaranty State Bank to the Bank of Commerce of Okmulgee, which said bank thereafter became insolvent and was taken possession of by the acting Bank Commissioner of the state of Oklahoma. for the purpose of winding up its affairs, and by reason thereof said contract is now owned and in the possession of and held by the plaintiff; that said payment due in said contract on January 1, 1922, for $4,000, with interest thereon, is past due and unpaid; that the payment due in said contract on July 1, 1922, of $2,000, with interest thereon from said date, is past due and unpaid.

Defendants' answer to plaintiff's petition contains no general denial, and admits that on November 24, 1919, they entered into a contract with Wilson Motor Co., and that exhibit "A", attached to plaintiff's petition, is a correct copy thereof.

Defendants deny that Wilson Motor Co. complied with the terms thereof, but aver that Wilson Motor Co., breached the said contract and violated its expressed terms in this, to wit: that by the terms of said contract Wilson Motor Co. agreed and bound itself to sell and deliver to the defendants the exclusive agency for the G. M. C. truck for Okmulgee county and the general good will of the business and that, in violation of said agreement and covenant the said Wilson Motor Co. did not in fact deliver to defendants the exclusive agency of said G. M. C. truck for said county, but that defendants were required to obtain the said agency direct from the general agency in Kansas City, Mo.; that the said agency was not a property of Wilson Motor Co.. that could be sold and disposed of by it, but that the Wilson Motor Co. were in fact simply acting as agents for the said G. M. C. truck at the will and pleasure of the general agency in Kansas City.

Defendants aver that the said Wilson Motor Co. further breached its said contract in that said company agreed that it would not, nor would any of its members, engage directly or indirectly in the sale of any truck in Okmulgee county, and that in violation of this covenant J. M. Wilson. one of the copartners composing the Wilson Motor Co., immediately after the execution of said contract, engaged in the sale of second-hand automobile trucks in Okmulgee county, Okla., in competition with these defendants.

Defendants further aver that by reason of the fact of the violation of said contract by the said Wilson Motor Co. and by the said J. M. Wilson, one of the copartners, these defendants are released under the terms of said contract from making further payment thereunder.

To this answer of defendants the plaintiff filed its demurrer on the ground that the answer is insufficient because it does not state facts sufficient to constitute a defense to this cause of action.

The demurrer was sustained by the court, whereupon defendants refused to plead further and judgment was rendered in favor of the plaintiff; to all of which defendants excepted, and the cause is now before this court upon transcript of the record and petition in error.

The petition in error asks for reversal of this case upon two grounds, to wit: (1) Said court erred in sustaining plaintiff's demurrer to the answer of defendants; (2) Said court erred in rendering judgment in favor of plaintiff and against the defendants.

The two assignments of error are considered together in defendants' brief.

The argument of counsel for defendants is that as the plaintiff in its petition alleges that on November 24, 1919, Wilson Motor Co. was then and there the owner of. the exclusive agency for Okmulgee county, for the G. M. C. truck, and as the defendants in their answer specifically deny the said agency was owned by said Wilson Motor Co.. these allegations raised an issue of fact as to the ownership of this agency by the Wilson Motor Co., that should have been by the court submitted to the jury, and that this issue joined in the pleadings would not leave the answer of defendants subject to demurrer; that the general demurrer filed by the plaintiff admits the allegation contained in the answer of defendants to the effect that the Wilson Motor Co. was not the owner of this agency and therefore could not sell it.

Many decisions of this court are cited where the well-settled rule is announced that a demurrer to a pleading admits every material fact properly stated in the pleading and that where a pleading states any fact upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained. C. E. Sharpe Lumber Co. v. Kansas Ice Co. et al.. 42 Okla. 689, 142 Pac. 1016.

It is also a well-settled rule that the allegations of a petition must be construed in connection with the exhibits attached and referred to in the petition. Southern Surety Co. v. Chambers, 72 Okla. 307. 180 Pac. 711.

In First Nat. Bank v. Jones, 2 Okla. 353, 37 Pac. 824, it is held:

"Where there is a variance between the complaint and the exhibit, note or written instrument sued on, the exhibit controls."

It clearly appears from the plain language of the contract attached to and made a part of plaintiff's petition what interest the Wilson Motor Co. claimed it had in the G. M. C. truck agency and exactly upon what terms and conditions it sold to defendants, to wit: "The exclusive G. M. C. truck agency for the county of Okmulgee. state of Oklahoma. for the year expiring December 31, 1919 "

The contract then sets forth the payments that the defendants agreed to pay to Wilson Motor Co., as follows:

"$5,000 upon the execution of this contract. $2,000 January 1, 1921, if the said R. Earle Wright and the said Wm. C. Newman secure the exclusive G. M. C. truck agency for said county for the year commencing July 1, 1920, and ending June 30, 1921. $4,-000 January 1, 1922, if the said R. Earle Wright and the said Wm. C. Newman secure the exclusive G. M. C. truck agency for said county for the year commencing July 1, 1922, and ending June 30, 1923. $2.000 July 1, 1922, if the said R. Earle Wright and the said Wm. C. Newman secure the exclusive G. M. C. truck agency for said county for a period commencing July 1, 1922, and continuing up to or beyond December 31, 1922."

It is admitted by the pleadings that the first payment of $5,000 on November 24. 1919, was made. The contract shows that this payment included the sale. value of certain trucks sold to defendants in the aggregate amount of $2,267.62, and also included the lease on a certain building mentioned and described in the contract.

The second payment of $2.000 on January 1. 1921, is also admitted by the pleadings. This second payment, it appears, was made by the defendants more than a year after the defendants took over the agency.

In this connection it will be observed that defendants' answer did not deny the allegations of plaintiff's petition wherein it was alleged that the said G. M. C. agency chattels and lease "were taken over by said defendant and have been in possession and ownership of same since said date." Neither does the answer deny the allegation in plaintiff's petition, to wit: "that the said defendants have secured the exclusive agency of said G. M. C. trucks for Okmulgee county from date of said contract unto December 31, 1922."

"One of the primary rules of pleading is that where there is a material averment, which is traversable, but which is not traversed by the other party, it is admitted." 21 R. C. L 561, sec. 120.

The contract clearly shows that the Wilson Motor Co. only claimed to have the Okmulgee county agency of the G. M. C truck up to December 31, 1919, and that the defendants were not to make the other payments unless they secured from some one other than the Wilson Motor Co. the agency for the periods mentioned in the contract.

In other words, the contract plainly shows that the Wilson Motor Co. sold its interest in the agency. good will, chattels, and lease for $5,000 down payment with the understanding and agreement that if the defendants could renew the agency the other payments would be made when they renewed it.

The allegations of the answer to the effect that the contract in question was violated by the Wilson Motor Co., in that the Wilson Motor Co. did not in fact deliver to the defendants the exclusive agency of G. M C. trucks for Okmulgee county, but that the defendants were required to obtain the agency direct from the general agency at Kansas City, Mo., ignores the plain and not to be misunderstood provisions of the contract and places an interpretation upon the instrument inconsistent with its plain provisions. The contract being admitted, its interpretation is a matter of law for the court.

"A demurrer does not confess or admit a conclusion of law deducted by either party from the facts pleaded. Neither does it admit any construction placed by him on any instrument pleaded and set forth in the complaint." 21 R. C. L. 508, sec. 70. citing 62 L. R. A. 968.

Defendants state in their brief that, "It may be that the contract of agency. if any, held by the Wilson Motor Co., at the time it undertook to sell this agency. specifically prohibited the selling, assignment. or transfer thereof, in which event it is certain that the Wilson Motor Co. could not sell such agency," and that "These facts can be ascertained only by proper proof offered by the plaintiff upon the trial of this action on its merits.".

It is sufficient to say that defendant's answer raises no such question. The answer relied upon certain violations of said con-

tract by the company and J. M. Wilson to release them from future payment. Defendants' answer clearly shows they did not rely on any want of authority of the Wilson Motor Co. to assign the agency. That this is so is shown by the allegation in the answer that "answering defendants further state that by reason of the fact of the violation of said contract by the said Wilson Motor Co., and by the said J. M. Wilson, one of the copartners, these answering defendants are released under the terms of said contract from making further payments thereunder."

It is provided in the contract that if the defendants, "being accorded like treatment by the agency from which said Wilson Motor Co. secured said contract or its successors in said territory with other G. M. C. truck agents in similar territories, refuse to accept said agency for either or both of said years, the sums payable conditionally on January 1, 1921, January 1, 1922, and July 1, 1922, shall be payable absolutely immediately upon said refusal to accept said agency for said county by the said R. Earle Wright and the said Wm. C. Newman."

The Wilson Motor Co. had sold what interest it had in the agency to defendants in 1919, and it is clear from the clause of the contract above quoted that defendants were to secure the agency for 1921 and 1922, from the same source the Wilson Motor Co had secured their agency for 1919, to wit, as the answer states: "from the general agency at Kansas City, Mo.," and that if they refused to accept such agency for 1921 and 1922, they would still be indebted to the Wilson Motor Co., provided they had been treated as well as other agents. And it is not contended that they were not so treated.

It is urged that by their general averment of breach of the contract in the fourth paragraph of their answer, defendants put in issue all allegations of plaintiff's petition. It is sufficient to say that such general averments are followed by the words "in this, to wit," with the particular alleged **breach** following, thereby limiting the general allegation of breach to the alleged set of facts.

"It is a general rule that specific averments in a pleading must be given precedence over general averments, inasmuch as the general allegations are to be deemed explained, limited, and controlled by the special allegation." 21 R. C. L. 450, sec. 14.

It is next contended that the contract in question was breached "when the said J. M. Wilson engaged in the sale of trucks in competition with these defendants, and it is urged that the defendants are entitled to have a jury pass upon this question and determine from the facts adduced upon the trial whether or not the sale of such trucks by J. M. Wilson was in competition with the defendants and thereby constituted a breach of the contract.

An examination of the contract shows in plain and unambiguous language what acts on the part of the Wilson Motor Co., or any of the partners composing the same, will operate as a forfeiture of the unpaid payments, which are the basis of the action, and it is the only part of the contract that has any reference to such forfeiture.

The clause of the contract referred to is as follows:

"Should said Wilson Motor Co., or any of the partners composing same, accept any agency or be interested directly or indirectly in any agency in said county or any portion thereof during any portion of said period commencing November 24, 1919, and ending December 31, 1922, it shall forfeit the conditional payments hereinabove provided for at the time unpaid."

The sale of second-hand trucks by J. M. Wilson, as alleged in the answer, cannot be construed to be a breach of the contract against the accepting of a truck agency, and would not constitute a breach of such covenant in the contract.

It is to be observed that defendants' answer states that the sale of the second-hand trucks was immediately after the execution of the contract (November 24, 1919); still it is admitted in the answer that defendants paid the $2,000 payment on January 1, 1921, 14 months later, which we think would operate as a waiver of any prior breach if any had been made.

We conclude the pleadings clearly admit that the G. M. C. agency for Okmulgee county was secured by the defendants as contemplated in the contract: that if the Wilson Motor Co. was simply the agent of the general agency as contended by defendants, still the fact appears in the pleadings that the defendants actually secured the agency for the years specified in the contract, which was the one and only object sought to be attained by them when they entered into the contract.

We think the judgment of the lower court sustaining plaintiff's demurrer to the answer of defendants should be affirmed.

By the Court: It is so ordered.