Jim ECKEL, Paul E. Lewis and Lindsey E. Lewis, husband and wife, Harold Liddell and Patricia Kay Newton, for themselves and for all others similarly situated constituting a class called the "Kennedy Neighborhood", Appellants,

v.

James R. ADAIR, R.E. Barbour, J.H. Patten, Colonial Estates, Inc., a corporation, Mastercraft Housing Systems, Inc., a corporation, Security National Bank and Trust Company, a corporation, Security National Bank and Trust Company of Norman, Oklahoma, Trustee, David C. Meyer, Oneok, Oklahoma Gas and Electric Company, Southwestern Bell Telephone Company, and the City of Norman, Oklahoma, Appellees.

No. 59201.

Supreme Court of Oklahoma.

Nov. 27, 1984.

Rehearing Denied March 12, 1985.

Terry Guy Shipley, Noble, Charles Nesbitt, Oklahoma City, for appellants.

David A. Poarch, Pyle & Poarch, Norman, for appellee Mastercraft Housing Systems, Inc.

Warren K. Miller, Miller & Naifeh, Norman, for appellee David C. Meyer.

## MEMORANDUM OPINION

OPALA, Justice.

(1) The issue to be dealt with on certiorari is whether the Court of Appeals' affirmance of the trial court's judgment on the defendants' demurrers to the petition is legally incorrect? We answer in the negative because we find that the case stands here in a fatally defective posture.

(2) The plaintiffs/appellants brought a class action[1] against several defendants.

---

1. We do not address the issue whether this was a proper class action. The record does not reflect that the plaintiffs moved for an order certifying the case as a class action or that *any*

The trial court, after sustaining separate demurrers interposed by two of the defendants/appellees on the ground that the petition, as amended, failed to state a cause of action, terminated the action against both of these appellees. The Court of Appeals affirmed the trial court's judgment. Certiorari was granted. We now vacate the Court of Appeals opinion but affirm the trial court's judgment on different grounds.

(3) The appellants [referred to herein as Owners] are property owners and residents in an area known as the "Kennedy Neighborhood". They sought, among other things, to declare invalid certain plat vacation proceedings affecting two tracts of land. They alleged the land developer had made a commitment to set aside these tracts for common open spaces and recreational purposes for the use of the property owners [2] and that this reserved area was designated on the plat as "private open space". Final plats reflecting the dedicated tracts were alleged to have been approved and filed of record in the office of the county clerk. The amended petition also alleged that these dedications were then vacated and the tracts replatted. One of the affected tracts was subsequently sold to defendant Mastercraft Housing Systems, Inc., [Mastercraft] and a portion of the other tract to defendant David C. Meyer [Meyer], both of whom are the appellees herein.

■■■■ (4) On review of a judgment that sustains a demurrer to the petition an appellate court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them.[3] The allegations must be construed in connection with exhibits attached or referred to in a pleading.[4] If they fail to state a cause of action, a demurrer to the petition must be sustained.[5] Where there is a variance between any material allegation of a pleading, upon which the action or defense is founded, and the exhibits either physically attached to it or incorporated in it by reference, the terms of the exhibits must control.[6]

■■■■ The owners' claim against Mastercraft and Meyer rests upon (a) the defendants' knowledge of the invalidity of the vacation proceedings as shown on the face of the judgment rolls and (b) the defendants' knowledge of the prior dedication of the land as reflected by the recorded plats. The plats and the critical judgment rolls were before the district court because (a) the district court could take judicial notice of the vacation proceedings conducted in that forum [7] and (b) the recorded plats were properly incorporated [8] into the peti-

order was made under the provisions of 12 O.S. 1981 § 14. The appellate court did not deal with the certification question.

2. The dedication was allegedly required by the Norman Planning Commission as a condition to rezoning the Kennedy Neighborhood for the construction of multi-family dwelling units. The owners alleged that the developer [Colonial Estates, Inc.] represented to buyers of lots and tracts that the dedicated land would be available for recreational use by the residents.

3. *Keel v. Titan Const. Corp.*, Okl., 639 P.2d 1228, 1229 [1982]; *Chastain v. Parkhurst*, Okl., 473 P.2d 239, 240 [1970].

4. *Southern Surety Co. v. Chambers*, 72 Okl. 307, 180 P. 711, 712 [1919]; *Wright v. State*, 104 Okl. 57, 230 P. 268, 269–270 [1924]; *Turner v. Sooner Oil and Gas Co.*, 206 Okl. 344, 243 P.2d 701, 704 [1952].

5. *Chitwood v. Skiles Oil Corp.*, Okl., 309 P.2d 1061, 1063 [1957].

6. *Williams v. Phillips Petroleum Co.*, Okl., 406 P.2d 474, 477 [1965]; *Schnelle v. McClure*, Okl., 330 P.2d 598, 599 [1958].

7. *Sooner Federal Savings and Loan Association v. Mobley*, Okl., 645 P.2d 1000, 1004 [1982]; *Corliss v. Davidson & Case Lumber Co.*, 183 Okl. 618, 84 P.2d 7, 10 [1938]; *Morgan v. Whitehead*, 196 Okl. 402, 165 P.2d 338, 341 [1946].

8. The incorporation by reference is authorized by 12 O.S. 1981 § 305.1 which provides:
"From and after the passage of this act in all civil cases whereby it is necessary to incorporate, in the pleadings, facts concerning instruments of record affecting real estate, that such incorporation may be made by reference to the date of such instrument, and the book and page number where recorded in lieu of affixing a copy of the same to such pleadings."

tion by reference to the book and page where they appear in the records of the county clerk.[9]

Neither the critical judgment rolls nor the recorded plats were incorporated into the record on appeal in this case. An appellate court *can only* take judicial notice of the record that is before it.[10] Because of this time-honored rule, we are unable to determine here whether the judgments in question are in fact void on the face of the record proper, nor may we pass on whether the recorded plats in question do impart notice to the public that the tracts affected by this controversy were the subject either of a statutory or a common-law dedication.[11]

Error may not be presumed from a silent record. It must be affirmatively demonstrated.[12] Absent a contrary state of the record, we must assume here the trial court properly determined that neither the judgment rolls nor the recorded plats incorporated into the amended petition operated to charge Mastercraft and Meyer with notice of the alleged dedications or of their facially void vacations. Based on these conclusions, the trial court could have ruled that these defendants were not beyond the protection of a bona-fide-purchaser status.[13] Because the owners did not bring to this court a record containing all the critical parts of the amended petition which was challenged by the demurrers, it is not possible to test on review the legal sufficiency of that pleading. The appeal is hence fraught with a fatal postural defect. Its record brings nothing for our consideration.

(5) The owners' suggestion of mootness, because of facts occurring during the pendency of this appeal, is ineffective and cannot be considered.[14] The procedure for apprising this court of material post-appeal developments, prescribed by Rule 7, Rules of the Supreme Court, 12 O.S. 1981, Ch. 15, App. 1, requires that all facts alleged which are *dehors* the appellate record be verified. Since Rule 7 has not been complied with, the suggestion

This statute was not affected by passage of the new Pleading Code (12 O.S. Supp.1984 §§ 2001 et seq.) effective November 1, 1984, Okla.Sess.L. 1984, ch. 164, pp. 588–628.

9. The proper procedure to be followed in preparing an appellate record when incorporation by reference was used in the text of any pleading designated for inclusion is to tender the incorporated material to the trial court by application to supplement the record on appeal and to secure, upon notice to the opposite party and hearing, an order allowing leave to add the incorporated material to the appellate record. See *Greer v. West*, 173 Okl. 427, 48 P.2d 1043 [1935] (syllabus 2); *Empire Oil & Refining Co. v. Fields*, 188 Okl. 666, 112 P.2d 395, 406 [1941], appeal dismissed 314 U.S. 572, 62 S.Ct. 79, 86 L.Ed. 463 and *State ex rel. Dept. of Highways v. Lehman*, Okl., 462 P.2d 649, 650 [1969]. If the application for inclusion is met with adverse disposition, review of the ruling may be sought in this court upon motion of the aggrieved party. *McCullough v. Safeway Stores, Inc.*, Okl., 626 P.2d 1332, 1334 [1981].

10. *Sooner Federal Savings and Loan Association v. Mobley*, supra note 7 at 1004.

11. The law recognizes two different kinds of land dedications for public use and benefit.

These are called statutory and common-law dedications. Statutory dedications are governed by 11 O.S. 1981 §§ 41–101 et seq. If the statutory requirements are not met, there may still exist an effective common-law dedication. The latter dedication may occur when the committed land is accepted by the public or when rights are acquired under it by third persons. *Kee v. Satterfield*, 46 Okl. 660, 149 P. 243, 247 [1915].

12. *Hamid v. Sew Original*, Okl., 645 P.2d 496, 497 [1982].

13. The essential elements of a bona-fide-purchaser-of-land status are (a) payment of consideration, (b) good faith, (c) absence of purpose to take unfair advantage of third parties and (d) absence of actual or constructive notice of outstanding rights of others. *Luschen v. Stanton*, 192 Okl. 454, 137 P.2d 567, 569 [1943]; *Jonas v. Dunn*, 132 Okl. 204, 270 P. 46, 51 [1928]; *Cleary Petroleum Co. v. Harrison*, Okl., 621 P.2d 528, 531 [1980].

14. *City of Tulsa v. Chamblee*, 188 Okl. 94, 106 P.2d 796, 798 [1940]; *Edwards v. Hanna Lumber Co.*, Okl., 415 P.2d 980, 981 [1966]; *Lawrence v. Cleveland County Home Loan Authority*, Okl., 626 P.2d 314, 315 [1981].

made here is of no effect.[15] Even if the suggestion were verified, our disposition could not be different. Mootness requires that the appeal be dismissed and this, in effect, would operate to let the trial court's judgment stand.

 (6) This court will not consider as part of the appellate record any written or printed instrument that was not properly included in it.[16] *A deficient record may not be supplemented on rehearing.*[17] Mastercraft's physical attachment to its brief on certiorari of a copy of the plat represented to us as describing the tract of land affected by the dedication does not rise to the dignity of appellate record. It cannot be noticed in the disposition of this cause.[18]

Opinion of the Court of Appeals vacated and trial court's judgment affirmed.

All Justices concur.

---

15. *Lawrence v. Cleveland County Home Loan Authority,* supra note 14 at 315.

16. *State ex rel. Dept. of Highways v. Lehman,* supra note 9 at 650.

17. *In re Hess' Estate,* Okl., 379 P.2d 851, 859 [1963]. The Supreme Court is without authority to supply, by decision, a deficiency in the record on appeal. *Owens v. Luckett,* 192 Okl. 685, 139 P.2d 806, 807 [1943].

18. *In re Hess' Estate,* supra note 17 at 859.