Jan C. KIRKLAND, Plaintiff in Error,

v.

Robert J. KIRKLAND, Defendant in Error.

No. 43212.

Supreme Court of Oklahoma.

July 27, 1971.

Rehearing Denied Sept. 21, 1971.

George P. Striplin, Vural L. Gilley, Tulsa, for plaintiff in error.

Crawford, Rizley & Prichard, Tulsa, for defendant in error.

DAVISON, Vice Chief Justice.

Jan C. Kirkland (defendant below) appeals from a decree of divorce rendered in favor of Robert J. Kirkland (plaintiff below), complaining that the court erred in granting the divorce, and erred relative to the amount of the award of child support and alimony, and in the division of jointly acquired property. The parties will be referred to by their trial court designation.

Plaintiff's alleged ground for divorce was incompatibility between plaintiff and defendant. Defendant denied plaintiff had any grounds for divorce and prayed the court to deny plaintiff a divorce.

The evidence shows that plaintiff and defendant were married September 24, 1951, and had been married almost 17 years when the trial was had in June, 1968. Three daughters were born of the marriage and their ages at the time of trial were 15, 12 and 4 years. Plaintiff and defendant were of different religious faiths prior to marriage and defendant joined plaintiff's church.

Plaintiff is an employee of a bank in Tulsa, Oklahoma, and had received yearly

raises in his salary. His salary for 1967 was $14,000.00, and for 1968 (with raise) was $14,600.00. There is no evidence that either party had any separately owned property prior to the marriage. The testimony regarding the amount of plaintiff's salary remaining after all deductions is not exact or completely satisfactory. He stated that his salary after taxes was $1103.20 per month, and that there was a net of $890.00 per month after other deductions, including a deduction of 6% of his gross salary for deposit in a bank "thrift" program. Plaintiff's 1967 gross income (per federal income tax return) was $18,192.52, of which $14,000.00 was salary, about $3000.00 was stock dividends, and the balance was stock capital gains.

In 1960 plaintiff had inherited stocks from his father having a value of about $86,000.00. The evidence shows that plaintiff kept and maintained these stocks, his sales and purchases of other stocks, and reinvestment of dividends and gains in stocks, separate from his salary. He stated that his salary was used for family expenses. He testified that none of his salary was invested in stocks. He said that $12,000.00 of the stock and income therefrom was used to defray medical expenses in connection with an illness of defendant. Also he used $6,000.00 from the stock account in 1963 for a down payment on a home. This home was sold in November, 1967, and about $5,000.00 of the approximate $9,000.00 received for the equity was reinvested in stocks. At the time of the trial the stocks had a current market value of $149,616.00, less a net margin loan of $36,138.00, leaving a value of $113,478.00.

The parties bought a new home in November or December, 1967, for $18,500.00, paying $3000.00 down, and having a mortgage balance of $15,593.00 at the time of trial. The payments on this mortgage, including insurance and taxes, were $141.00 per month (according to plaintiff) and $156.00 (according to defendant). The correct amount was not disclosed. The bank "thrift" account had $4,300.00 in con-

tributions by plaintiff, and he had $2,350.00 cash value in life insurance policies.

The trial court granted a divorce to plaintiff on the grounds of incompatibility by reason of the fault of the defendant, awarded the custody and control of the three children to the defendant, and ordered plaintiff to pay $100.00 per month for support for each child. The decree awarded to defendant the home, subject to the mortgage, the household furniture and furnishings (valued by plaintiff at $7,000.-00 replacement cost), a 1967 Oldsmobile Cutlass automobile (value by plaintiff, $3,000.00), and the sum of $8,000.00 (to be paid September 1, 1968) which the court stated took into consideration the ·amount accumulated in the bank "thrift" fund, cash value of life insurance, and appreciation in the stocks or money invested in stock from joint earnings. The court also awarded defendant $15,000.00 as alimony, payable $300.00 per month.

The plaintiff was awarded a 1967 Ford Thunderbird automobile (valued by plaintiff at $4,000.00), the "thrift" plan fund and life insurance policies, and the corporate stocks and two men's diamond rings "which the plaintiff acquired by inheritance." Although not mentioned in the decree, the court at the time of rendition of the decree orally stated additional conditions of the divorce. These are apparently recognized by the parties. They are, that defendant shall pay the house payments, and that plaintiff will pay a $6,500.00 balance of a note debt to a bank (originally borrowed to buy the two automobiles) and $928.60 due for new carpeting and a dishwasher installed in the recently acquired home.

Defendant urges that the court erred in granting a divorce to plaintiff for incompatibility by reason of the fault of the defendant.

■ This proposition is based upon defendant's contention that the incompatibility was caused by plaintiff drinking too much whiskey. Under the evidence this is

related only to sexual incompatibility between the parties, and plaintiff admits that in some instances defendant's refusal could have been because he was drinking. However, there is testimony that defendant had developed a strong interest in a Bible Study group and had become very critical of established church doctrines. Also, there is testimony that defendant had practically stopped attending social affairs with plaintiff. No useful purpose would be served in further detailing these matters. There is sufficient evidence to support the court's finding that the parties were incompatible by reason of the fault of the defendant.

■ In Stuart v. Stuart, Okl., 433 P.2d 951, 954, we said that relative to an assertion that there was no competent evidence to support granting a divorce on the grounds of incompatibility, it was only necessary to observe that under 12 O.S.1961, § 1271, and our decisions, it is only required that there be such a conflict of personalities as to destroy the legitimate ends of matrimony and possibility of a reconciliation.

Defendant contends that considering the circumstances and the plaintiff's income and financial condition the award of $100.-00 per month for each child is too small.

■ We have held that the amount of the allowance of child support is a matter within the discretion of the trial court, governed by considerations of justice and equity, and that on appeal from a decree requiring the husband to contribute to the support of the children in the custody of the wife, this court will search the entire record, but will not change the amount of child support allowed by the trial court in the absence of a showing that the amount awarded is clearly against the weight of the evidence. Wendel v. Wendel, Okl., 331 P.2d 370, and West v. West, Okl., 268 P.2d 250.

■ From our search of the record it is our conclusion that the child support awarded herein is not clearly against the weight of the evidence, and that the trial court did not abuse its discretion.

Defendant also contends that the trial court did not make a fair and equitable division of property acquired by the joint industry of the parties and of the enhancement in value of the separate property of plaintiff resulting from the joint efforts of the parties.

As stated above, the trial court did award defendant $8,000.00, in view of the thrift plan sum ($4,300.00) and the cash value ($2,350.00) of the insurance policies, which were awarded plaintiff. The court also related this $8,000.00 to appreciation in the stocks and money "invested in stocks from joint earnings." The only testimony (plaintiff's) was that his salary was not invested in stocks. There was (supra) plaintiff's testimony that about $5,000.00, from the sale of the prior home, was reinvested in stocks. Whether the court was influenced by this in awarding the $8,000.00 to defendant is not expressed in the record. In any event it is evident that the court was cognizant of defendant's claim to a portion of the enhancement in value of the stocks and must have considered these transactions in making the award.

■ It is defendant's position that she should have been awarded a sum equal to one-half of the difference between the value of the stocks when plaintiff inherited them and their value at the time of trial.

In some of our cases we have treated the increase in value of the separately owned or acquired property as being jointly acquired, and have approved consideration of this enhanced value in the equitable division of the property. Moyers v. Moyers, Okl., 372 P.2d 844; Williams v. Williams, Okl., 428 P.2d 218; Raines v. Gifford, Okl., 370 P.2d 1; Hauser v. Hauser, Okl., 460 P.2d 436; and DuBoise v. DuBoise, Okl., 418 P.2d 924. However, in these cases the increased or enhanced value was considered jointly acquired because the enhanced value was due to the joint efforts of the husband and wife.

■ As stated in Collins v. Oklahoma Tax Commission, Okl., 446 P.2d 290, 295, "Although one spouse brings separate property to the marriage, enhanced value resulting from joint efforts, skill or funds of both working together constitutes jointly acquired property."

In the present case there is nothing in the record showing that defendant contributed to the enhancement in value of the stocks by joint effort, skill or funds, unless we accept the reinvestment of the $5,000.00 proceeds from the sale of the house as falling within this category. In the latter event the trial court considered this in awarding defendant the $8,000.00.

■ In Hill v. Hill, 197 Okl. 697, 174 P.2d 232, we held that the division of property jointly acquired during marriage was primarily a determination on equitable grounds of the extent of the right of each therein in view of their respective conduct and efforts as the contributing factors, and consequently the question of need afforded no criterion for making the division.

The facts and law do not support defendant's proposition of error.

Defendant further contends that the award of alimony of $15,000.00, payable $300.00 per month, was insufficient under the circumstances and in view of plaintiff's assets, earning capacity and financial ability.

In Reed v. Reed, Okl., 456 P.2d 529, we said that there is no rule available by which to measure or determine the amount of alimony to be awarded to a party as each case depends on its own facts and circumstances.

■ And in Eisenreich v. Eisenreich, Okl., 323 P.2d 723, we said that in determining the amount of alimony to be allowed in a divorce action, consideration is to be given to the conduct of the parties, and the wife's condition and means, as well as the husband's estate and his ability to pay alimony.

In the present case the plaintiff had corporate stocks with a value (after deducting the margin loan) of $113,478.00, earning dividends of approximately $3,000.00 annually. At the time of trial the plaintiff's annual salary was $14,600.00 with prospects of annual increases in the future. Defendant was awarded the care and custody of three children, 15, 12 and 4 years of age. The record does not reflect that defendant was trained in any skill to earn a substantial living, except that she was a "slow" typist. Obviously, for defendant to enter the world of employment after 17 years of marriage and with children to care for would be difficult.

■ In determining the amount of alimony to be allowed in a divorce action the court is authorized to take into consideration, among other things, the separate inherited property of the parties. Smyth v. Smyth, 198 Okl. 478, 179 P.2d 920, and Smith v. Smith, Okl., 311 P.2d 229. In these cases alimony was allowed and based in large part upon the amount of property inherited by the husband.

It is true that we have said that where a divorce is granted to the husband for the fault of the wife, she is not entitled to alimony as a matter of right, though it may be awarded her within the discretion of the court, as governed by considerations of justice and equity between the parties and the interests of society. Eisenreich v. Eisenreich, supra, in which this court increased the alimony award given the defendant wife by the trial court, and Smith v. Smith, Okl., 275 P.2d 997, 999. It is, in the final analysis, a matter where justice and equity should prevail.

■ It is our conclusion that the amount of alimony awarded the defendant is too small and is clearly against the weight of the evidence. Under the circumstances the defendant should have been awarded $30,000.00 alimony, payable $300.00 per month. The divorce decree is modified to so provide.

In the divorce decree the attorney for defendant was awarded $500.00 for his services to be paid by plaintiff. Defendant's attorney is awarded an additional

$500.00 for his services on appeal, to be paid by plaintiff.

Plaintiff is ordered to pay the costs of this appeal.

Affirmed in part and modified in part as herein provided.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, LAVENDER and McINERNEY, JJ., concur.