David P. PETERS, Appellee,

v.

Geneva Joan PETERS, a/k/a Joan M. Peters, Appellant.

No. 47480.

Supreme Court of Oklahoma.

July 22, 1975.

Sam Caldwell, Muskogee, for appellee.

Kay Wilson, Jr., Muskogee, for appellant.

DOOLIN, Justice.

In the trial court, plaintiff husband sued defendant wife for divorce. Both parties were granted a divorce on the grounds of incompatibility.

Defendant wife was awarded custody of the parties' four minor children and $40.00 per month per child as child support. There was no award of alimony. The division of property was as follows: the husband was awarded his Pontiac automobile, motorcycle and power tools; the wife was awarded the household furnishings, her Chevrolet automobile, a camper trailer and the homestead subject to the existing mortgage. The decree provided that "if said property is sold, plaintiff (husband) is to receive $3,625.00 which represents his equity in said home. This shall create a lien against said property in favor of the

plaintiff." The husband was ordered to pay all attorneys' fees.

The wife appeals from that part of the decree awarding child support, and creating a lien on the home in favor of her husband. She also contends that the court erred in failing to grant her alimony.

Appellant claims it is error to award real estate to one party burdened with an equity in favor of the other. She cites *Blount v. Blount*, 425 P.2d 474 (Okl.1967) which holds that a division of jointly acquired real property in estates less than a fee simple to either or both constitutes error in view of statutory requirement of 12 O.S. 1961 § 1278 [1] that such property shall be divided in kind or all set apart to one with proper compensation to the other.

The Court in that case as well as appellant here relies on *Lawson v. Lawson*, 295 P.2d 769 (Okl.1956). Lawson while advocating the rule stated in Blount goes further, holding "If one party thereby was awarded property in excess of what the trial court thought he or she was equitably entitled to, *a lien could be established* thereon securing the payment of such sum as the court thought necessary to adjust the equities." (emphasis added)

This is exactly what the trial court did in the instant case. There was no division of the title. The title did not remain jointly in both parties as it did in *Blount* and *Lawson*. The husband was given a lien that reflected his equity in the property at the time of the divorce which would become due and payable only at such time as the wife should choose to sell the home. The husband was given no right to dominate the actions of the wife in relation to the sale or use of the property.

Appellant also argues that $40.00 per month per child for a total of $160.00 per month is inadequate support and that the trial court erred in failing to award alimony to her. In *Dowdell v. Dowdell*, 463 P.2d 948 (Okl.1970) cited by appellant for the proposition that alimony should have been awarded, the wife was granted the divorce against her husband, a physician, because of his association with another woman. The wife had worked to support the family while her husband was in medical school. In the instant case, the opposite is true. Appellant received her college degree while her husband, who does not have a college degree, was supporting the family.

The husband has been employed for 17 or 18 years as a machine repairman and earns about $10,000.00 per year. Although the most appellant has earned in prior years is $4,400.00, she now is employed in the U. S. Postal Department at $4.65 per hour, which would amount to $9,672.00, if she continues full time. She taught school in a prior year before accepting her present employment. She and her children are in good health. Her 16 year old son is also employed at a part time job.

The trial Court has wide discretion as to property division in divorce proceedings. *Durfee v. Durfee*, 465 P.2d 161 (Okl.1969). An action for divorce, alimony and division of property is one of equitable cognizance and the trial court's judgment will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence. In a divorce action the trial court is vested with discretion in making a division of jointly acquired property and in granting of alimony. In absence of abuse of discretion judgment of trial court making a division of such property and awarding or denying alimony will not be set aside upon appeal. *Miller v. Miller*, 456 P.2d 113 (Okl.1969).

We find that the trial court did not abuse its discretion.

Affirmed.

All the Justices concur.

---

1. . . . . . "As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."