**Frankie Sue KIDDIE, Appellee,**

v.

**F. A. KIDDIE, Appellant.**

**No. 49205.**

Supreme Court of Oklahoma.

April 19, 1977.

Wilcoxen, Cate & Scherer by Thomas H. Alford, Muskogee, for appellee.

Jesse L. Leeds, Muskogee, for appellant.

DOOLIN, Justice.

The trial court granted Wife a divorce on the grounds of incompatability. Husband appeared pro se at trial but is represented by counsel on this appeal. Husband appeals the trial court's award to wife of $5,000.00 alimony and one half the proceeds from an insurance claim for fire losses to a building housing a family business.

Husband claims alimony is improper where the trial court finds parties in equal fault and also alleges trial court erred in not requiring him to obtain counsel or to appoint same.

Under 12 O.S.1971 § 1275, a trial court may grant a divorce to both parties if it appears they are in equal wrong. This does not, as Husband argues, preclude an award of alimony.[1] A trial court has wide discretion in dividing property and award-

---

1. *Price v. Price,* 484 P.2d 532 (Okl.1971).

ing alimony and this court will not set it aside in absence of a showing of an abuse of discretion.[2]

■ Husband does not direct us to any such abuse of discretion by the trial court and in examining the record we find none. We therefore hold trial court did not err in its award of alimony and property division.

Husband's second proposition alleges trial court erred in allowing him to appear pro se. He submits this court should decree as a matter of public policy that because a divorce proceeding involves custody and support of children as well as a division of property, to proceed to trial when one party is without counsel is reversible error.

■ The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions the accused shall enjoy the right * * * to have Assistance of Counsel for his defence." This amendment is incorporated and made applicable to the states by the due process clause of the Fourteenth Amendment to the United States Constitution.[3]

■ A right to counsel must find its constitutional basis in either the commands of this amendment or the general guarantee of fundamental due process created by the Fourteenth Amendment.[4] If no criminal proceedings have been instituted, the Sixth Amendment's right to counsel does not come into play.[5] The guarantee of the Sixth Amendment does not extend to civil proceedings.[6]

Husband has been charged with no crime. Thus unless the right to appointment of counsel can be read into the due process clause of the Fourteenth, apart from its incorporation of the Sixth, such right does not exist.

*In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) a juvenile delinquency hearing and *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) a hearing on revocation of probation, extended the concepts of *Gideon v. Wainright,* supra, to semi-criminal cases. But these extensions and later ones have involved a right to liberty, thus the guarantee ordinarily has no application to matters purely of a civil nature.[7]

The right to counsel generally has been held inapplicable to civil proceedings even though they may have a critical impact on the destiny of the individual.[8] For example, it has been held there is no right to counsel, at a court-ordered psychiatric hearing,[9] or during a labor union hearing.[10] Denial of counsel during a hearing before a local draft board is not a denial of due process.[11] Due process was not violated by a refusal of counsel during a polygraph test pursuant to a hearing before the Chicago Police Department regarding possible suspension of a police officer.[12] It has been held there is no due process right to assistance of counsel at a hearing on disciplinary

**2.** *Peters v. Peters,* 539 P.2d 26 (Okl.1975).

**3.** *Gideon v. Wainright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

**4.** *Ferguson v. Gathright,* 485 F.2d 504 (4th Cir. 1973) cert. denied 415 U.S. 933, 94 S.Ct. 1447, 39 L.Ed.2d 491 (1973).

**5.** *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *United States v. Mandujano,* 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976).

**6.** *Boulware v. Battaglia,* 344 F.Supp. 889, (D. Del.) affirmed, 478 F.2d 1398 (3rd Cir. 1972).

**7.** *Barker v. Hardway,* 283 F.Supp. 228 (S.D.W. Va.1968) affd., 399 F.2d 638 (4th Cir.), cert. denied, 394 U.S. 905, 89 S.Ct. 1009, 22 L.Ed.2d 217 (1969).

**8.** *Ganz v. Bensinger,* 480 F.2d 88 (7th Cir. 1973).

**9.** *United States v. Cohen,* 530 F.2d 43 (5th Cir. 1976).

**10.** *Smith v. General Truck Drivers, Warehousemen and Helpers Union Local 467 of San Bernardino and Riverside Counties,* 181 F.Supp. 14 (S.D.Cal.1960).

**11.** *United States v. Sturgis,* 342 F.2d 328 (3rd Cir. 1965).

**12.** *Grabinger v. Conlisk,* 320 F.Supp. 1213 (N.D.Ill.1970).

charges against a doctor appearing before the Veteran's Administration.[13]

This court in *Bancroft v. Board of Governors of Registered Dentists,* 202 Okl. 108, 210 P.2d 666 (1949) held a party appearing in a dentistry licensing hearing is entitled to employ counsel but not to be furnished counsel. Also see *Brown v. Air Pollution Control Board,* 37 Ill.2d 450, 227 N.E.2d 754, 33 A.L.R.3d 222 (1967) and annotation at p. 229.[14]

Recently in some jurisdictions, certain exceptions to the general rule have been carved out where some aspects of the civil litigation are analogous to criminal matters.

In *In re Ella B.,* 30 N.Y.2d 352, 334 N.Y. S.2d 133, 285 N.E.2d 288 (1972) the New York court rejected a controlling distinction between civil and criminal proceedings and held an indigent parent was entitled to be advised of her right to counsel in a custody hearing. There the *state* had instituted an action in which the parent was faced with loss of her child as well as the possibility of criminal charges. The court held she had the right to be advised of a right to counsel, noting the interest of a parent in her child is too fundamental to be relinquished without counsel.

The State of Maine in *Danforth v. State Department of Health & Welfare,* 303 A.2d 794 (Me.1973) also recognized a parent has a constitutional right to the custody of his children and is thus entitled to due process safeguards when the state attempts to terminate these rights.

More recently the New York court refused to extend this right to divorce litigants by its decision in *In re Smiley,* 36 N.Y.2d 433, 369 N.Y.S.2d 87, 330 N.E.2d 53 (1975), holding there is no absolute right to assigned counsel in private litigation. While

stating the assignment of counsel to an indigent divorce litigant is discretionary, the court felt a trial court had no power to direct the state to pay the costs of providing counsel absent statutory authority. *In re Ella B.,* supra, was distinguished as a situation wherein an individual is threatened by loss of liberty or grievous forfeiture by *state action.*[15]

In *Matter of Del Moral Rodriguez,* 552 P.2d 397 (Okl.1967) we relied on *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) and held a party could not be denied access to our courts in an adoption proceeding because of his inability to bear the cost of substitute service. Accordingly we required the state to pay the costs of publication. *Boddie v. Connecticut,* supra, declared the due process clause of the Fourteenth Amendment requires that every individual, including a divorce litigant, have access to the courts of this land regardless of his ability to pay.

Lack of funds to employ counsel technically does not deny a litigant access to the courts. Here Husband appeared pro se. He did not request assignment of counsel. As yet we have found no recognition by a state court of a constitutionally grounded right to appointment of counsel in a divorce proceeding. Oklahoma recognizes no absolute constitutional right to a divorce. While assistance of counsel is certainly helpful in obtaining relief, without the existence of this constitutional right, the protection of the fourteenth amendment due process and its consequent right to counsel do not emerge.

Even in a criminal or quasi-criminal case the right to assistance of counsel includes the correlative right to dispense

---

13. *Suess v. Pugh,* 245 F.Supp. 661 (N.D.W.Va. 1965).

14. Other examples of situations where courts have held there is no right to appointment of counsel: for habeas corpus petitioner, *Wayman v. Caldwell,* 229 Ga. 2, 189 S.E.2d 74 (1972); for contempt for failure to pay child support, *State v. Green,* 277 N.C. 188, 176 S.E.2d 756 (1970); for corporation where employee is tes-

tifying as to possible anti-trust violations, *State ex rel. Londerholm v. American Oil Company,* 202 Kan. 185, 446 P.2d 754 (1968).

15. For two excellent discussions of these cases see *Constitutional Law—Due Process Right to Counsel* 4 Hofstra L.Rev. 139 (1975); McAninch, *A Constitutional Right to Counsel for Divorce Litigants* 14 J.Fam.Law 509 (1976).

with counsel and appear pro se.[16] A judge may not insist that a party obtain counsel or accept appointment of counsel.[17] A trial court may certainly appoint counsel to represent an indigent in a civil matter if it sees fit, but it is entirely discretionary.

Furthermore in a civil matter, such as a divorce proceeding, two or more persons' rights must be protected. Here Husband chose to represent himself. He may not now attempt to prejudice the other litigant, his wife, and deprive her of her rights because of his appearance pro se. His rights are no greater than hers.[18]

██ We hold it was not error for trial court to accept pro se appearance of Husband.

AFFIRMED.

LAVENDER, V. C. J., and DAVISON, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

**16.** *Bayless v. United States,* 381 F.2d 67 (9th Cir. 1967).

**17.** *United States v. Warner,* 428 F.2d 730 (8th Cir. 1970).

**18.** *Morgan v. Sylvester,* 125 F.Supp. 380 (S.D. N.Y.1954), affd., 220 F.2d 758, (2nd Cir.) cert. denied, 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768 (1955).