2002 OK 12

Barbara A. YOUNGE, Plaintiff–Appellee,

v.

Hunter Fred YOUNGE III, Defendant–Appellant.

No. 93,288.

Supreme Court of Oklahoma.

Feb. 12, 2002.

---

⚷907(1)

**968**

Patricia A. Kirch and Blake M. Bostick, Oklahoma City, for appellant.

Beau Williams, Oklahoma City, for appellee.[1]

OPALA, J.

¶ 1 This certiorari presses for decision two questions: (1) Can a husband be required by the divorce decree to maintain a term insurance policy on whose proceeds the wife is granted a lien to secure the payment of due and unpaid alimony? and (2) Did the trial court err in its award of support alimony to the wife? We answer the first question in the affirmative and the second in the negative.

## I

### THE ANATOMY OF LITIGATION

¶ 2 Hunter Fred Younge III [husband or appellant] and Barbara A. Younge [wife or appellee] were married on 8 August 1969. Two children were born of the union, both of whom have reached the age of majority. At the time of the marriage, the wife had attained a high school education and the husband a bachelor's degree. The latter earned two master's degrees during the marriage. The wife engaged in employment only periodically, choosing to be primarily a homemaker. During the final three years of the marriage, the husband's two recently established enterprises prospered—primarily his

home health care business and, to a lesser extent, the hospice service. The couple's income rose considerably.[2] The home health care's profitability decreased during the last year of the marriage, largely because of changes in the Balanced Budget Act of 1997. A decree of divorce, entered on 1 June 1999, allows for the division of their spousal assets.[3] According to the decree, the husband is to pay support alimony of $1,000.00 for 120 months, a total of $120,000.00. The decree mandates that the husband maintain an existing term life insurance policy on his life (with the wife as beneficiary) "so long as alimony is due in this case."[4]

### The Court of Civil Appeals' Pronouncement

¶ 3 The husband *challenged* (1) the decree provision that he maintain life insurance for so long as alimony is due as *violative of the rule prohibiting open-ended support alimony awards* and (2) the quantum of nisi prius support alimony award. The Court of Civil Appeals [COCA], Division II, sustained the trial court's award viewing it as not contrary to the weight of evidence. As for the provision requiring husband to maintain term life insurance that names the wife as beneficiary, COCA determined that the trial court did not "award a sum that could be made certain by calculation even in the future."[5] It regarded the trial court's inclusion of this provision as an effort to create security for due and unpaid alimony in an amount which could be ascertained at any time. COCA ordered the husband to continue the policy in force during the period support alimony was to be paid, directing that the wife have a lien on the policy proceeds in the amount of any due and unpaid alimony rather than be the policy's beneficiary. The husband was directed to instruct his insurance carrier to alter the

---

1. Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.

2. The husband was one of two shareholders in the home health care business and sole shareholder in the hospice. Although the wife was an employee of the home health care business, she held no ownership interest in either company.

3. The parties' briefs refer to a post-decree settlement of the property division issues, but the terms of their agreement do not appear in the record. Appellant's brief, p. 2 and appellee's brief, p. 2.

4. Decree of Divorce, ¶ 9.

5. Court of Civil Appeals, Division II, Memorandum Opinion, p. 8.

policy's terms to conform to the amended decree.

¶ 4 Husband's certiorari *challenges* the trial court's ruling (as modified by COCA) and *contends* that (a) alimony is not stated in a sum certain because the added cost of maintaining the insurance enhances the award by an indefinite amount (because the premiums for term policies will vary over time); (b) requiring him to maintain the life insurance policy to secure alimony payments impermissibly extends his alimony obligation beyond the time of his death; and (c) the trial court abused its discretion in awarding support alimony.[6]

¶ 5 On certiorari granted upon the husband's petition, the trial court's decree, as modified by the Court of Civil Appeals, is affirmed, and the cause stands remanded for further proceedings to be consistent with today's pronouncement.

## II

### THE INSURANCE PROVISION

#### A.

*The Insurance Clause is Ancillary to the Monetary Alimony Award. COCA's Decree Modification Meets the Sum Certain Requirement for the Insurance Obligation*

■■■■ ¶ 6 The husband asserts *first* that the appellate court's modification of the decree's insurance mandate—which denominates the wife as a lien holder rather than the policy's beneficiary—does not cure the decree's defect. Although the modified decree remedies the indefinite aspect of the award should the policy come due, it continues to impose alimony that is void because it is not stated in a fixed sum. This is so, the husband contends, because premium payments—which inure solely to the wife's benefit—also constitute alimony.[7] The expenses of maintaining term life insurance will vary over the course of the ten-year period. According to the husband, the variation in premiums makes the husband's total alimony obligation uncertain. In short, because the decree does not set alimony in a sum certain, the husband asserts that the award is void.[8] Wife counters by stating that the record fails to show that policy premiums will vary.

■■■■ ¶ 7 This court recently reaffirmed the long-held doctrine that requires alimony to be in a sum certain.[9] Though the pertinent statute, 43 O.S. Supp.1998 § 121,[10] no longer contains its earlier language, the rule continues in effect.[11] *In the absence of agreement to the contrary, the trial court cannot award support alimony in an indefinite sum, though it may provide for payment of the gross amount to be made in installments.*[12] **Where the divorce decree facially reveals that money awarded as alimony is not in a definite sum, the award is void and subject to attack.**[13]

---

6. The issues on appeal relate solely to support alimony. All other questions raised by appellant's certiorari petition, including property division, stand waived by the post-decree property settlement. Appellant's brief, p. 2.

7. In *Clark v. Clark*, 1969 OK 141, ¶ 16, 460 P.2d 936, 939, the trial court's requirement that husband pay insurance premiums for benefit of the wife was based on its authority to award alimony. Here, husband relies on this case as the basis for his conclusion that such payments constitute alimony.

8. A divorce decree that provides for alimony in a sum that is not certain is void and subject to later attack. *Whitehead v. Whitehead*, 1999 OK 91, ¶ 8, 995 P.2d 1098, 1101 (citing *Clark supra* note 7, at ¶ 16, at 939).

9. For a brief but thorough history of the sum-certain rule for support alimony, see *Whitehead*, *supra* note 8 at ¶¶ 5–8, at 1100–11.

10. The relevant text of 43 O.S. Supp.1998 § 121 provides:

    * * * "Alimony may be allowed from real or personal property, or both, or in the form of money judgment, payable either in gross or in installments, as the court may deem just and equitable." * * *

11. *Whitehead, supra* note 8, at ¶ 7, at 1100–01 (citing *Mayhue v. Mayhue*, 1985 OK 68, ¶ 6, 706 P.2d 890, 894).

12. *May v. May*, 1979 OK 82, ¶ 11, 596 P.2d 536, 540 (citing *Clark, supra* note 7, at ¶ 16, at 939–40; *Munsey v. Munsey*, 1963 OK 225, ¶ 19, 385 P.2d 902, 905; *Finley v. Finley*, 1935 OK 927, ¶ 5, 50 P.2d 643, 645; *Oder v. Oder*, 1931 OK 270, ¶ 4, 299 P. 202, 203). *See also Whitehead, supra* note 8, at ¶ 7, at 1000.

13. A facially void decree is subject to either direct or collateral attack. *Clark, supra* note 7,

¶ 8 The focus of our review here must be different from that in *Clark*,[14] the case on which the husband relies for reversal. We must first examine the amount of the alimony obligation that is to be secured by the insurance policy. If that amount is stated in a sum certain (or is ascertainable and does not represent an open-ended liability), the alimony award passes legal muster. The insurance device, fashioned by the appellate court, is but ancillary to the alimony obligation. If the alimony obligation is sustainable, so is the insurance provision—unless the premium obligation alone operates to render it open-ended. The obligation for premium payment is coextensive with the time period set for the discharge of the alimony obligation. When viewed in this context, the obligation to pay insurance premiums is as ascertainable as the duty to pay the alimony itself. The two obligations clearly run parallel.

¶ 9 The decree's clause that calls upon the husband to keep in force the policy meets the statutory requirement for certainty. The alimony award the policy is to secure does not offend the teachings of *Clark*. The original decree's vice—that of an open-ended alimony obligation—was effectively remedied when the appellate court altered the wife's status from that of policy beneficiary to a lien holder. By its modification the wife's interest came to be tied only to alimony that was due and unpaid. The total obligation became ascertainable by reference to the terms of the decree. Because the award now satisfies the mandate of *Clark*, the insurance clause,

which is harmonious and co-extensive with the alimony award, passes statutory muster.

¶ 10 The husband's assertion—that term insurance premiums will vary and would make his total alimony obligation indefinite (and hence, in breach of the sum-certain rule) is utterly unsupported. There is nothing in the record on which this court could base a decision declaring COCA's opinion flawed on this issue.[15]

## B.

### *Insurance as Security for Alimony Does Not Offend the Prohibition Against an Alimony Obligation Extending Beyond the Death of Obligor.*

■■■■ ¶ 11 The husband next contends that requiring him to maintain a life insurance policy to secure the alimony payments extends the liability beyond his death and hence offends this court's holding in *Funnell v. Funnell*.[16] *Funnell* teaches that the common-law rule—which views an award of support alimony as a personal obligation that does not survive the obligor's death—remains unabrogated.[17] The then applicable legislative text[18] there parsed by the court has been carried into statutory recompilation as 43 O.S. § 134 (B).[19] An examination of its language reveals that, though the text has been amended, there appears to be no indication of a change in public policy.[20] The common-law rule that an award of alimony for support dies with the obligor continues in full force.

¶¶ 16, 17, at 939–40 (citing *Pettis v. Johnston*, 1920 OK 224, 190 P. 681, 682–84).

14. *Clark*'s prohibition is against open-ended alimony. *Clark* teaches that a divorce decree which provides for insurance premiums to be paid in an indefinite amount and for an indefinite period of time is void. *Clark, supra* note 7, at ¶ 17, at 940.

15. The terms of the policy (amount of premiums and face value) are not shown by the record.

16. 1978 OK 69, ¶¶ 17–18, 584 P.2d 1319, 1324.

17. The generally accepted common-law rule is that death of either husband or wife terminates the obligation to pay alimony for support. *Funnell, supra* note 16, at ¶ 10, at 1322 (citing *Murphy v. Shelton et al.*, 183 Wash. 180, 48 P.2d 247).

18. The applicable terms of 12 O.S.1971 § 1289 (b) include:

* * * "Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. * * * The court shall also provide in the divorce decree that any such support payments shall terminate after the remarriage of the recipient ..." * * *

19. The pertinent text of 43 O.S. § 134 (B) provides:

"The court shall also provide in the divorce decree that upon the death or remarriage of the recipient, the payments for support, if not already accrued, shall terminate." * * *

20. *Id., supra* note 19.

¶ 12 Here the insurance clause in the trial court's order, as modified by COCA, does not offend our holding in *Funnell.* **The appellate court's modification did not secure the alimony obligation beyond the life span of the obligor.** *The security of the insurance policy proceeds is linked only to the period during which alimony will be paid, securing solely what is due and unpaid.* In short, the lien does not attach to insurance proceeds in excess of alimony due and unpaid at the time of the obligor's death. There is, hence, no violation of the law's imposed cutoff.

## III.

### THE RECORD IS SILENT ON THE SUBJECT OF PROOF NECESSARY TO SUPPORT THE HUSBAND'S CLAIM THAT THE ALIMONY AWARD IS EXCESSIVE

■ ¶ 13 The husband also urges error, contending that the support alimony award is flawed by (1) the wife's failure to demonstrate need and (2) his ability to pay.

■ ¶ 14 Oklahoma's extant jurisprudence defines support alimony as a need-based concept.[21] Demonstrated need is shown by the totality of proof of the obligee's financial condition. It is the appellant *who bears undivided responsibility* for producing to a court of review a record[22] that will clearly demonstrate the findings and decree

of the trial court to be clearly contrary to the weight of evidence.[23] Legal error will not be presumed from a silent record.[24]

■ ¶ 15 The record here is lacking. Although it refers to substantial marital assets, *the parties' post-decree property settlement is absent from the incorporated materials.*[25] The court is hence without sufficient information about the wife's financial status, including the amount of income-producing property retained by her and her husband under the terms of the reached agreement.[26] Absent this critical material, the husband has failed to sustain his burden of showing that the trial court erred in its support-alimony award. Because divorce (with alimony and division of property) is a cause of equitable cognizance, a trial court's decree will be left undisturbed unless it is found to be clearly contrary to the weight of the evidence or contrary to law.[27] The record here fails to disclose those factors which are necessary to analyze either the wife's lack of need for alimony assistance or the husband's ability to pay. Nisi prius award of support alimony must, hence, stand. A deficient record may not be supplemented at a rehearing stage of the case.[28]

## SUMMARY

■ ¶ 16 COCA's modification of the trial court's decree offends neither this

21. Alimony is awarded based on the recipient's demonstrated need. *Johnson v. Johnson,* 1983 OK 117, ¶ 23, 674 P.2d 539, 547. Factors to be considered include: demonstrated need during the post-divorce economic readjustment period; the parties' station in life; the length of the marriage and the ages of the spouses; the earning capacity of the parties as well as their physical condition and financial means; the accustomed style of living of the parties; evidence of a spouse's own income-producing capacity and the time needed to make the post-divorce transition. *McLaughlin v. McLaughlin,* 1999 OK 34, ¶ 13, 979 P.2d 257, 260–61.

22. *Hulsey v. Mid–America Preferred Ins. Co.,* 1989 OK 107, ¶ 7, 777 P.2d 932, 936 (citing *Eckel v. Adair,* 1984 OK 86, ¶ 9, 698 P.2d 921, 924).

23. A reviewing court will not disturb a nisi prius decision in equity absent an abuse of discretion or a finding that it is clearly contrary to the weight of evidence. *Johnson, supra* note 21, at ¶ 15, at 544; *Kiddie v. Kiddie,* 1977 OK 69, ¶ 3,

563 P.2d 139, 140–41; *Peters v. Peters,* 1975 OK 114, ¶ 9, 539 P.2d 26, 27.

24. *Johnson, supra* note 21, at ¶ 24, at 546 (citing *Hamid v. Sew Original,* 1982 OK 46, ¶ 5, 645 P.2d 496, 497); *Chamberlin v. Chamberlin,* 1986 OK 30 ¶ 4, 720 P.2d 721, 723–24.

25. Court of Civil Appeals, Division II, Memorandum Opinion, p. 5. See also appellant's brief, p. 2 and appellee's brief, p. 2.

26. The findings recited by the trial court reveal that it was considering the relevant factors necessary to determine a support-alimony award.

27. *Johnson, supra* note 21, at ¶ 5, at 544; *McLaughlin, supra note* 21, at ¶ 12, at 260.

28. *Hulsey, supra* note 22, at ¶ 7, at 936; *Eckel, supra* note 22, at ¶ 9, at 925; *Hamid, supra* note 24, at ¶ 5, at 497; *Chamberlin, supra* note 24, at ¶ 4, at 723–24.

state's extant jurisprudence nor any enacted law. A lien securing by life insurance an obligor's alimony obligation that is due and unpaid at the time of an obligor's death does not operate to breach the long-settled rule that alimony be set in a sum certain. An alimony obligation that is not open-ended and whose total sum can be ascertained by reference to the terms of the decree creating a lien to secure the unpaid amount is not void for indefiniteness. Neither does such a lien provision offend the common law (or public policy) that extinguishes alimony obligation upon the death of either party or remarriage of the recipient. The lien here secures only that amount of alimony which is due and unpaid at the time of the obligor's death. It does not operate to extend his liability beyond statutorily circumscribed contingencies upon whose happening support alimony will cease *ex lege*. The record is deficient. It provides no basis for vacating the trial court's support alimony award as clearly contrary to the weight of evidence (or an abuse of its discretion).

¶ 17 On certiorari granted upon the husband's petition, the trial court's disposition of the wife's alimony quest, as modified by the Court of Civil Appeals, is affirmed; the cause stands remanded for further proceedings to be consistent with today's pronouncement.

¶ 18 HARGRAVE, C.J., WATT, V.C.J, and LAVENDER, KAUGER, BOUDREAU and WINCHESTER, JJ., concur.

¶ 19 HODGES and SUMMERS, JJ., concur in part and dissent in part.

