2016 OK CIV APP 33

**IN RE the MARRIAGE OF Roy Paul DORSEY and Betty Lillian Dorsey:**

**Roy Paul Dorsey, Petitioner/Appellant,**

v.

**Betty Lillian Dorsey, Respondent/Appellee.**

**Case Number: 113234**

Court of Civil Appeals of Oklahoma, Division No. 3, **DIVISION III.**

Decided: 03/25/2016

Mandate Issued: 05/25/2016

D. Michael Haggerty, II, HAGGERTY LAW OFFICE, P.L.L.C., Durant, Oklahoma, for Petitioner/Appellant,

Bow Bottomly, Gregory C. Blackwell, BALL & MORSE, P.L.L.C., Norman, Oklahoma, for Respondent/Appellee.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 In this divorce proceeding, Petitioner/Appellant, Roy Paul Dorsey (Husband), appeals from the trial court's award of an indefinite amount of support alimony to Respondent/Appellee, Betty Lillian Dorsey

(Wife). Husband also appeals the trial court's alimony in lieu of property division award to Wife in the amount of $294,000.00. Finding the amount of both awards was an abuse of discretion, we reverse and remand the support alimony award and the alimony in lieu of property award for further proceedings.

¶ 2 Husband and Wife were married for thirty-eight (38) years. Husband was the primary wage earner throughout the marriage. For most of the marriage, Wife was a stay-at-home mom and wife. She obtained a college education and, early in the marriage, taught high school mathematics. Husband performed oil field construction services through Paul Dorsey Consulting, L.L.C. (Company). For several years prior to separation, Company paid Wife $3,000.00 per month to perform duties as the office manager.

¶ 3 At the trial, both parties produced bank records, income tax forms, estimates of expenses and proposed valuations of Company. Wife offered the testimony of a financial planner as to the valuation of Company. The financial planner assigned $97,000.00 to tangible assets. She used a "capitalization of excess earnings methodology" to value the remainder (the goodwill) of the Company. Based on projected ongoing earnings, the financial planner calculated a business value of $824,326.65. Husband testified the value of Company was completely dependent on his personal services and reputation. He valued the business at $243,015.00 using Company's tax returns. As to the issue of support alimony, Wife produced an exhibit demonstrating her monthly income needs and expenses and the parties' tax returns to demonstrate Husband's income. She also offered a letter from her psychiatrist as to her claimed disability. The trial court did not admit the letter; however, it permitted Wife to testify as to the contents of the letter over Husband's objection.

At the conclusion of trial, the court rejected the parties' proposed values of Company and determined Company's marital value was $533,507.50. This amount represented the average of the parties' divergent valuations. It awarded Wife alimony in lieu of property in the amount of $294,000.00. The trial court also awarded Wife support alimony in the amount of $39,200.00 payable at $400.00 per month for 8.2 years, and after those 8.2 years, the support alimony was set at $3,000.00 per month. Upon the entry of the divorce decree, Husband appealed.

¶ 5 On appeal, both parties submit the trial court erred in granting an indefinite amount of support alimony. We find the trial court's award of an indefinite amount of support alimony was an abuse of discretion and reversible error. Alimony must be a sum certain and in the absence of an agreement to the contrary, the trial court cannot award support alimony in an indefinite sum, though it may provide for payment of the gross amount to be made in installments. *Younge v. Younge*, 2002 OK 12, ¶ 7, 41 P.3d 966. Accordingly, the trial court's award of an indefinite sum of support alimony is void. *Id.* The trial court's support alimony award is therefore reversed and this issue is remanded to the trial court to enter a support alimony award in a definite sum.

¶ 6 Husband does not dispute he has the ability to pay some support alimony, but he insists Wife failed to demonstrate her need for the sum awarded by the trial court. Husband argues Wife is employable and is capable of supporting herself. In considering Wife's need for support alimony, the trial court must consider: 1) Wife's demonstrated need during the post-matrimonial economic readjustment period; 2) the parties' station in life; 3) the length of the marriage and the ages of the parties; 4) each spouse's earning capacity; 5) the parties' physical condition and financial means; 6) the mode of living to which each spouse has become accustomed during the marriage; and 7) evidence of a spouse's own income-producing capacity and the time necessary to make the transition for self-support. *McLaughlin v. McLaughlin*, 1999 OK 34, ¶ 13, 979 P.2d 257.

¶ 7 On remand, the trial court is instructed to consider whether Wife may become gainfully employed either through re-certification as a teacher, by virtue of her office manager skills or through other means of education and employment. The trial court is also permitted to consider whether Wife is unemployable due to her claim of failing health and/or disability.

¶ 8 We note that in order to support her claim of disability, Wife sought to introduce a letter signed by her psychiatrist opining that Wife is disabled. Husband's hearsay objection to this letter was sustained by the trial court. However, even though the letter was not admitted, the trial court permitted Wife to testify as to the doctor's diagnosis. On appeal, Husband argues the admission of Wife's hearsay testimony was an abuse of discretion for it was offered for the truth of the matter asserted therein, *i.e.* that Wife is disabled. We agree. Wife's statement about the contents of the letter was hearsay. 12 O.S. 2011 2801(A)(3). The question is whether Wife's statement falls under an exception to the hearsay rule.

¶ 9 Wife urges her statement was properly admitted because it fell within the exception to the hearsay rule under 12 O.S. 2011 § 2803(4) for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, if reasonably pertinent to diagnosis or treatment." The Oklahoma Supreme Court adopted the following two-part test for the application of this exception: "(1) whether the declarant's apparent motive was consistent with receiving medical care; and (2) whether it was reasonable for a medical professional to rely on that statement in making a diagnosis or treatment." *In re J.D.H.*, 2006 OK 5, ¶ 14, 130 P.3d 245.

¶ 10 Under this test, the doctor's written medical diagnosis clearly does not qualify for the hearsay exception because it is not a statement by the patient about her physical condition, symptoms, or medical history. Since the written medical diagnosis does not qualify for the exception, it is also obvious that Wife's recitation of the diagnosis does not qualify under the exception. We conclude the trial court committed error when it allowed Wife to testify about her psychiatrist's written diagnosis of disability.

■ ¶ 11 Husband's final proposition of error contends the trial court erroneously assigned goodwill value to Company and, thus, it significantly overvalued the marital portion of this asset. Husband claims Company's goodwill is merely an intangible asset and has no value apart from his name, continued efforts and reputation. Husband start-

ed Company in 2006 to build facilities for oil and gas drilling purposes. Company owned several vehicles, but few other assets and primarily operated as a shell to shield the parties from personal liability. Other than Wife's office manager duties, Husband explained he was the only person performing any services for Company.

¶ 12 Wife counters Company's goodwill is a marketable business asset distinct from Husband's personal reputation. She urges the evidence shows Company's value was not based solely on Husband's reputation. Wife pointed out she owned 30% of the business, did all the day-to-day running of the business and was paid $3,000.00 per month by the business. Wife contends this case is similar to *Traczyk v. Traczyk*, 1995 OK 22, 891 P.2d 1277, and *Ballinger v. Ballinger*, 2014 OK CIV APP 92, 340 P.3d 644, where the Courts held the true goodwill of the business, as distinct from the future earning capacity of a party, should be included in determining the marital portion of a business for property division in a divorce proceeding. Wife contends there is no statutory limitation on the sale of an oilfield business and her value for Company would be the same even if Husband sold Company to a third party.

■ ¶ 13 "The 'goodwill' value of any business is the value that results from the probability that old customers will continue to trade with an established concern." *Travis v. Travis*, 1990 OK 57, 795 P.2d 96. *Travis* differentiated enterprise goodwill, which is a marketable and divisible marital asset, from personal goodwill, which is not marketable:

(1) Where goodwill is a marketable business asset distinct from the personal reputation of a particular individual, as is usually the case with many commercial enterprises, that goodwill has an immediately discernible value as an asset of the business and may be identified as an amount reflected in a sale or transfer of a business.

(2) If the goodwill depends on the continued presence of a particular individual, such good will [sic], by definition, is not a marketable asset distinct from the individual.

*Travis* at ¶ 10, *quoting Prahinski v. Prahinski*, 75 Md.App. 113, 540 A.2d 833 (1988).

¶ 14 Here, Wife's expert witness testified Company had marketable business goodwill which was distinct from Husband's reputation and personal efforts. However, the expert witness failed to address the affect on Company's value if Husband ceased doing business through Company and started a new business or if he chose to retire. This Court will not assume Husband will continue to work in the business to realize the goodwill value for such continued efforts are really a calculation of Husband's future earnings. *Travis* at ¶ 12. Future earnings are not divisible marital assets; however, Husband's projected earnings can be considered in establishing support alimony. *Id.*

¶ 15 Because Wife's expert did not distinguish between Company's enterprise good-will and its personal goodwill, we cannot find the weight of the evidence supports the trial court's valuation of Company. *See McQuay v. McQuay,* 2009 OK CIV APP 59, 217 P.3d 162. We therefore conclude the trial court's valuation of Company was an abuse of discretion and reverse the alimony in lieu of property award to Wife in the amount of $294,000.00.

¶ 16 REVERSED AND REMANDED WITH INSTRUCTIONS.

JOPLIN, J., and HETHERINGTON, J., concur.